NOT FOR PUBLICATION (Doc. No. 14)

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| DAVID BOWEN, Sr. | : |
| Plaintiff, | : Civil No. 14-3531(RBK/AMD) |
| v. | : **OPINION** |
| BANK OF AMERICA, et. al. | : |
| Defendants. | : |

**KUGLER**, United States District Judge:

This matter comes before the Court on the Motion to Dismiss of Defendants Mortgage Electronic Registration Systems, Inc. ("MERS"), Litton Loan Servicing, LP ("Litton"), and PNMAC Mortgage Opportunity Fund Investors, LLC ("PNMAC") (collectively "Defendants"), Plaintiff's Complaint pursuant to Fed. R. Civ. P. 12(b)(6). (Doc. No. 14.) For the reasons stated herein, Defendants' Motion to Dismiss will be granted.

**I.  FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

David W. Bowen, Sr. ("Plaintiff") entered into a mortgage loan for the purchase of his residence located at 123 Harding Highway, Pittsgrove, New Jersey (the "Property") on January 4, 2007. (Compl. ¶ 10.) New Century Mortgage Corporation ("New Century") was the original lender, and MERS was named as the nominee mortgagee. (Id.) The mortgage loan on the Property was subsequently assigned to Bank of America, N.A. ("BANA") c/o Litton on September 19, 2007. (Id. ¶ 12.) Then, on August 13, 2012, the mortgage loan on the Property was assigned from BANA to PNMAC. (Id. ¶ 15.)

1

PNMAC filed a foreclosure complaint against the Property on January 9, 2013, (the "Foreclosure Action"), in the Superior Court of New Jersey, Chancery Division. (Id. ¶ 18.) On September 30, 2013, the state court granted PNMAC a default judgment against Mr. Bowen. (Id. ¶ 20.) Plaintiff generally avers that he was never properly served with the foreclosure complaint, that he is a victim of "mortgage fraud" and "predatory lending," and that he is entitled to retain possession of his home. (Id. ¶¶ 20–24.)

Plaintiff filed the present Complaint, together with an ex parte application for a temporary restraining order, on June 3, 2014. (Doc. No. 1.) The Complaint alleges several causes of action, including violations of the Real Estate Settlement Procedures Act ("RESPA") (Count I); violations of the Truth in Lending Act ("TILA") (Count II); violations of the Fair Credit Reporting Act ("FCRA") (Count III); intentional misrepresentation (Count IV); unjust enrichment (Count V); civil conspiracy (Count VI); wrongful foreclosure (Count VII); cancellation of the various loan documents (Count VIII); and quiet title (Count IX).

On April 30, 2015, this Court dismissed Counts II, VII, VIII, and IX for lack of subject matter jurisdiction. See Bowen v. Bank of Am., N.A., No. 14-3531, 2015 WL 1968974 (D.N.J. April 30, 2015). The Court held that such counts were barred by the Rooker-Feldman doctrine, the basic principle of which states that a federal district court cannot exercise jurisdiction if it would result in "overturn[ing] an injurious state-court judgment." Id. at *4 (quoting Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 292 (2005)). More specifically, the Court found that Plaintiff's claims required the Court to impeach the state court's final judgment in PNMAC's Foreclosure Action. See generally id. at *9–13.

Defendants now move to dismiss the remaining counts under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted. Plaintiff filed no

2

response or opposition to Defendant's Motion.  Nonetheless, the Court will proceed to a discussion of the merits.

## II. LEGAL STANDARD

Rule 12(b)(6) allows a court to dismiss an action for failure to state a claim upon which relief can be granted.  Fed. R. Civ. P. 12(b)(6).  When evaluating a motion to dismiss, "courts accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief."  Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009) (quoting Phillips, 515 F.3d at 233).  In other words, a complaint is sufficient if it contains enough factual matter, accepted as true, to "state a claim to relief that is plausible on its face."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009); Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007).  It is not for courts to decide at this point whether the moving party will succeed on the merits, but "whether they should be afforded an opportunity to offer evidence in support of their claims."  In re Rockefeller Ctr. Prop., Inc., 311 F.3d 198, 215 (3d Cir. 2002).  Yet, while "detailed factual allegations" are not necessary, a "plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do[.]"  Twombly, 550 U.S. at 555; see also Iqbal, 556 U.S. at 678-79.

To make this determination, a court conducts a three-part analysis.  Santiago v. Warminster Twp., 629 F.3d 121, 130 (3d Cir. 2010).  First, the court must "tak[e] note of the elements a plaintiff must plead to state a claim."  Id. (quoting Iqbal, 556 U.S. at 675).  Second, the court should identify allegations that, "because they are no more than conclusions, are not entitled to the assumption of truth."  Santiago, 629 F.3d at 131 (quoting Iqbal, 556 U.S. at 680).

3

Finally, "where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief." Santiago, 629 F.3d at 131 (quoting Iqbal, 556 U.S. at 680). This plausibility determination is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 556 U.S. at 679. A complaint cannot survive where a court can only infer that a claim is merely possible rather than plausible. Id.

### III. DISCUSSION

#### A. Count I: Violation of the Real Estate Settlement Procedures Act

Plaintiff alleges that Litton violated 12 U.S.C. § 2607 when it "accepted charges for the rendering of real estate services" that were actually for charges not performed. (See Compl. ¶ 64.) Plaintiff does not allege any RESPA violations by MERS or PNMAC.

RESPA regulates the services lenders provide "in connection with a real estate settlement," which covers things such as title searches, title insurance, the preparation of documents, the origination of a federally regulated mortgage loan, the handling of the closing or settlement, and other services. Franklin v. Quicken Loans, Inc., 132 S. Ct. 2034, 2038 (2012) (quoting 12 U.S.C. § 2602(3)). The provision under which Plaintiff sues, 12 U.S.C. § 2607, prohibits, *inter alia*, giving or receiving kickbacks or unearned fees incident to a real estate transaction.

It is unnecessary to consider whether Plaintiff has pleaded a sufficient basis for his RESPA claim because his claim is time-barred. Claims under RESPA are subject to a limitations period of either one year or three years "from the date of the occurrence of the violation," depending on the type of violation. 12 U.S.C. § 1214. Here, Plaintiff alleges a violation of § 2607, which is subject to a one-year statute of limitations. See 12 U.S.C. § 1214. Though scant

in supporting factual details, Plaintiff's allegation appears to relate to the mortgage loan Plaintiff executed on January 4, 2007.  (See Compl. ¶ 64 (alleging a violation "in connection with the mortgage loan to Plaintiff").)  Having initiated the instant action on June 6, 2014, Plaintiff far exceeds the one-year time period in which to file suit.  As such, Count I is dismissed.

### B.  Count III:  Violation of the Fair Credit Reporting Act

The FCRA "was crafted to protect consumers from the transmission of inaccurate information about them, and to establish credit reporting practices that utilize, relevant, and current information in a confidential and responsible manner."  Cortez v. Trans Union, LLC, 617 F.3d 688, 708 (3d Cir. 2010) (quoting Guimond v. Trans Union Credit Info Co., 45 F.3d 1329, 1333 (9th Cir. 1995)).  The FCRA contains "provisions intended to prevent consumers from being unjustly damaged because of inaccurate or arbitrary information in a credit report."  Id. (citations omitted).  The "consumer oriented objectives" of the FCRA "support a liberal construction" of this statutory scheme.  Id.

Plaintiff alleges Defendants BANA and Litton "wrongfully, improperly, and illegally reported negative information as to the Plaintiff to one or more Credit Reporting Agencies," in violation of the FCRA.  (Compl. ¶¶ 71-72.)  However, Plaintiff is not explicit about what actions serve as the basis of his FCRA claim.  Instead, he asserts that Defendants wrongfully reported negative information, which "included, but was not limited to, an excessive amount of debt through an unconscionable contract into which Plaintiff and was tricked and deceived into signing."  (Id. ¶ 73.)  Although Plaintiff has indicated that his FCRA claim is based on actions

that do not involve the validity of the mortgage,[1] he has provided the court with no facts alleging what specific information was reported or who reported it.

Moreover, although Plaintiff is correct in relying on 15 U.S.C. § 1681(s)(2)(b) to maintain a private cause of action, a private right of action exists "only after a consumer reporting agency notifies the furnisher of information of a dispute." Ruff v. Am.'s Servicing Co., No. 07-0489, 2008 WL 1830182, at *4 (D.N.J. Apr. 23, 2008). To state a claim under this section, a plaintiff "must allege that (1) [he] sent notice of disputed information to a consumer reporting agency, (2) the consumer reporting agency then notified the defendant furnisher of the dispute, and (3) the furnisher failed to investigate and modify the inaccurate information." Id. (citing Jamarillo v. Experian Info. Solutions, Inc., 155 F. Supp. 2d 356, 363 (E.D. Pa. 2001)). Here, Plaintiff has not satisfied any of the three requirements under § 1681 s-2(b). He has not alleged that he filed a notice of dispute with any reporting agency, that the agency notified Litton of the dispute, or that Litton thereafter failed to investigate and modify the information. Accordingly, Count II is dismissed for failure to state claim upon which relief can be granted.

### C. Count IV: Intentional Misrepresentation

Plaintiff's intentional misrepresentation claim in Count IV avers that Defendants intentionally concealed material information from Plaintiff before and at the closing of the loan, prior to and during the foreclosure process, and during the Foreclosure action. (Id. ¶ 79.) At such times, Defendants also allegedly made material misrepresentations to the Plaintiff, knowing that its representations were false. (Id. ¶ 80) Plaintiff "suffered damages" as a result. (Id. ¶ 84.)

The Court construes a claim of "intentional misrepresentation" as one for fraud. See

---

[1] As indicated in this Court's previous opinion, the Court lacks jurisdiction over Plaintiff's claim to the extent it seeks to recover damages for reporting related to the mortgage on the Property based on the theory that the mortgage was invalid. See Bowen, 2015 WL 1968974, at *6.

Jewish Ctr. of Sussex Cnty v. Whale, 432 A.3d 521, 524 (N.J. 1981).  To state a claim for fraud under New Jersey law, a plaintiff must allege "(1) a material misrepresentation of a presently existing fact, (2) knowledge or belief by the defendant of its falsity, (3) an intention that the other person rely on it, (4) reasonable reliance thereon by the other person, and (5) resulting damages." Gennari v. Wichert Co. Realtors, 691 A.2d 350, 367 (N.J. 2007).

      Federal Rule of Civil Procedure 9(b) imposes a heightened pleading standard on plaintiffs alleging a claim of fraud.  Specifically, "the circumstances constituting fraud . . . [must] be stated with particularity."  Fed. R. Civ. P. 9(b).  The Third Circuit has stated that, "to satisfy Rule 9(b), plaintiffs must plead with particularity the circumstances of the alleged fraud by pleading the date, place or time of the fraud, or through alternative means of injecting precision and some measure of substantiation into their allegations of fraud."  Lum v. Bank of Am., 361 F.3d 217, 223–24 (3d Cir. 2004) (internal quotations omitted).  More succinctly, courts interpret this to mean that "the plaintiff should plead the date, place or time of the fraud, and allege with specificity who made the relevant misrepresentations."  Id. at 224.

      Plaintiff has not satisfied these requirements.  He does not allege facts specific to each Defendant, instead alleging merely that "each defendant" or all "Defendants" materially misrepresented material information.  (See Compl. ¶¶ 78–84.)  This vague pleading practice is insufficient to sustain a cause of action for fraud.  See Eli Lilly and Co. v. Roussel Corp., 23 F. Supp. 2d 460, 492 (D.N.J. 1998) ("Rule 9(b) is not satisfied where the complaint vaguely attributes the alleged fraudulent statements to "defendants." (citations omitted)).  Therefore, the Court grants Defendants' motion to dismiss Count IV of Plaintiff's Complaint.

### D.  Count V:  Unjust Enrichment

Plaintiff alleges he and Defendants had an implied agreement "to ensure that Plaintiff understood all fees which would be paid to Defendants to obtain credit on Plaintiff's behalf and to not charge any fees which were not related to the settlement of the loan and without full disclosure to Plaintiff."  (Compl. ¶ 86.)  Plaintiff also alleges that the parties' implied agreement ensured that Plaintiff's payments would not be used improperly.  (Id. ¶ 87.)

Under New Jersey law, there are two basic elements to a claim for unjust enrichment.  The plaintiff must demonstrate "both that defendant received a benefit and that retention of that benefit without payment would be unjust."  VRG Corp. v. GKN Realty Corp., 641 A.2d 519, 526 (N.J. 1994).  To establish the injustice, the plaintiff must further demonstrate "that it expected remuneration from the defendant at the time it performed or conferred a benefit on defendant and that the failure of remuneration enriched defendant beyond its contractual rights."  Id.

However, liability for unjust enrichment "will not be imposed . . . if an express contract exists concerning the identical subject matter."  Suburban Transfer Serv., Inc. v. Beech Holdings, Inc., 716 F.2d 220, 226–27 (3d Cir. 1983).  In such instance, the express contract binds the parties, and the court has no grounds from which to find an implied promise concerning the same subject matter.  See id. at 227 (citing a plethora of New Jersey case law holding that absent a showing that a contract has been rescinded or is void, a quantum meirut theory of recovery concerning the same subject matter has no merit).

Although a claim unrelated to the mortgage would not necessarily be barred as a matter of law,[2] the Court is unable to decipher which actions—if any—serve as the basis for such a

---

[2] It is unclear if Plaintiff's claims concern the validity of Plaintiff's mortgage. To the extent they do, the Court has no jurisdiction to question the validity of Plaintiff's mortgage under the Rooker-Feldman doctrine.  See Bowen, 2015 WL 1968974, at *11.  Therefore, any claim of

8

claim. Plaintiff indicates that "defendants" charged "a higher interest rate, fees, rebates, kickbacks, profits and gains stemming from acts including, but not limited to, resale of notes." (Compl. ¶ 88.) To what "but not limited to" refers, the Court is left to guess. Again, such imprecise pleading cannot withstand a motion to dismiss.

### E. Count VI: Civil Conspiracy

Plaintiff asserts that Defendants agreed among themselves to engage in a course of conduct "designed to further an illegal act or accomplish a legal act by means of unlawful means, and to commit one or more overt acts in furtherance of the conspiracy to defraud the plaintiffs." (Id. ¶ 93.) Plaintiff also alleges that Defendants conspired to "defraud, for the common purpose of accruing economic gains, for themselves at the expense of, and detriment to, the Plaintiff." (Id. ¶ 94.)

Under New Jersey law, the elements of a civil conspiracy are "(1) a combination of two or more persons, (2) a real agreement or confederation with a common design, (3) the existence of an unlawful purpose to be achieved by unlawful means, and (4) special damages." Farris v. Cnty. of Camden, 61 F. Supp. 2d 307, 330 (D.N.J. 1999).

Here, Plaintiff has done nothing more than recite the elements of a civil conspiracy. After reading Count VI, the Court is still left to question which defendants were engaged in the agreement, what objective the defendants aimed to achieve, what overt act they committed, and what damages Plaintiff suffered as a result. To withstand a motion to dismiss, Plaintiff must

---

unjust enrichment relating to the subject matter of Plaintiff's mortgage would fail as a matter of law because the State has already determined that the mortgage was valid. See id. at *4–5 (discussing the state foreclosure action). The presence of a valid, unrescinded contract between the parties excludes any claim of unjust enrichment concerning that same subject matter.

allege facts giving rise to a plausible claim to relief.  Because he has not done so here, Count VI is dismissed.

## IV. LEAVE TO AMEND

"[I]f a complaint is subject to a Rule 12(b)(6) dismissal, a district court must permit a curative amendment unless such an amendment would be inequitable or futile." Phillips, 515 F.3d at 245 (citing Alston v. Parker, 363 F.3d 229, 235 (3d Cir. 2004)).  Indeed, even when "a plaintiff does not seek leave to amend a deficient complaint after a defendant moves to dismiss it, the court must inform the plaintiff that he has leave to amend within a set period of time, unless amendment would be inequitable or futile." Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002).

Because the Court finds that Plaintiff may be able to cure some of the pleading deficiencies identified above, the Court will grant Plaintiff an opportunity to seek leave to amend his Complaint within fourteen days of the date of this Opinion and accompanying Order.

## V. CONCLUSION

For the foregoing reasons, the Defendants' Motion to Dismiss will be **GRANTED**.  An appropriate order shall enter today.  Plaintiff shall have **fourteen** (**14**) **days** from the date of this Opinion and accompanying Order to file a motion seeking leave to amend his Complaint.

Dated: 9/18/2015                          s/Robert B. Kugler
ROBERT B. KUGLER
United States District Judge